# SPIRO | HARRISON

October 11, 2017

**VIA ECF**

The Honorable George B. Daniels, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re: Wheeler v. Twenty-First Century Fox, Inc._, et al._, No. 17-cv-05807**
      **Opposition for Extensions of Time to Oppose Motions**

Dear Judge Daniels:

      We represent Defendant Ed Butowsky ("Defendant") in this litigation. We write in response to Plaintiff's letter of October 11 (ECF No. 51), seeking to be relieved of his obligation to respond to Defendant's motion for sanctions (ECF No. 43) until an adjourned date set by the Court. Plaintiff contends that our motion for sanctions is now moot due to the pending amended complaint. We disagree.

      Rule 11 is clear. Once the 21-day safe harbor period expires, the Rule 11 violation is complete, and sanctions are appropriate for Plaintiff's failure to cure. As articulated by the Supreme Court, the "central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 394, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1991). Accordingly, "[a] pleading, motion or other paper violates Rule 11 . . . where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 391 (S.D.N.Y. 2007) (internal quotations omitted). Thus, the violation occurs when an attorney "present[s] to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it that does not comport with the presenter's certifications requirements." *Advanced Video Techs. LLC v. HTC Corp.*, Nos. 11-06604, *et al.*, 2015 U.S. Dist. LEXIS 122423, at *35 (S.D.N.Y. Aug. 28, 2015) (internal quotation marks omitted).

      Notwithstanding, Rule 11 imposes a notice requirement on the party seeking sanctions, and a 21-day safe harbor to allow the offending party sufficient time to fix their deficient pleading. *See Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003) (the notice requirement "gives the subject the opportunity to withdraw the potentially offending statements before the sanctions motion is officially filed."). Offending parties who ignore and neglect to fix

the noticed deficiencies within the 21-day safe-harbor, causing parties and the court to spend time and resources on motions, are no longer be afforded the protections of the safe harbor.  A subsequent amendment, after the safe-harbor expires, does not cure the violation.  *See Jackson v. Rohm & Haas Co.*, No. 05-4988, 2006 U.S. Dist. LEXIS 10211, at *11-12 (E.D. Pa. Mar. 9, 2006); *Cancer Found., Inc. v. Cerberus Capital Mgmt., L.P.*, No. 07-4120 2008 U.S. Dist. LEXIS 27483, at *13 n.6 (N.D. Ill. Apr. 4. 2008), *aff'd*, 559 F.3d 671 (7th Cir. 2009) (holding that plaintiffs' failure to withdraw their complaint within the 21-day safe harbor extinguished any protection under the notice requirement).  For example, in *Jackson*, the court held:

> Amending Rule 11 to provide a safe harbor within which corrective action could be taken was, manifestly, an effort to relax the rigor of the Rule. But it cannot reasonably be supposed that the amended Rule contemplates that the safe harbor can be allowed to lapse without express response - either a defense or a disavowal of the challenged pleading. *Because Jackson neither defended nor disavowed his original Jackson II complaint, he is subject to sanctions if that pleading is found to violate Rule 11*.

2006 U.S. Dist. LEXIS 10211 at *11-12 (emphasis added).  As the Court further noted, "[o]nce the safe harbor period has expired, the violation is complete, and sanctions are appropriate." *Id*. Notably, the *Jackson* plaintiff made the same argument Plaintiff is making here—that the amended complaint, filed after the safe harbor, mooted the Rule 11 motion—to no avail.

Here, Plaintiff and his counsel were well-aware of the deficiencies in their pleadings. Defendant Butowsky alerted Plaintiff to those deficiencies prior to Plaintiff filing his complaint and in Defendant's notice provided 22 days before his Rule 11 filing.  By way of example, Plaintiff failed to allege a single jurisdictional basis for including Defendant Butowsky in this lawsuit – not one.  Defendant plainly noted that deficiency in its Rule 11 notice, yet Plaintiff neglected to make the correction during the safe harbor period.  Now, he is asking the Court and the parties to adjourn Defendant's Rule 11 motion because he intends to belatedly amend his complaint to purportedly fix deficiencies—many of which are incurable—that he had ample opportunity to consider and address both before filing his complaint and before Defendant filed his Rule 11 motion.  His failure to consider these deficiencies before or during the safe harbor is inexcusable, and has wasted the time and resources of this Court and the parties.

Because Plaintiff's interpretation of Rule 11 would eviscerate the purpose of the safe harbor, we respectfully request that the Court deny Plaintiff's request for an adjournment.  Plaintiff should be required to respond to Defendant's motion for sanctions based on his original frivolous filing by October 23, 2017.

Respectfully submitted,

*s/ David Harrison*

cc: All attorneys of record (*via ECF*)