UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROD WHEELER,<br><br>            Plaintiff,<br><br>     v.<br><br>TWENTY-FIRST CENTURY FOX, INC., FOX NEWS NETWORK, LLC, MALIA ZIMMERMAN, AND ED BUTOWSKY,<br><br>            Defendants. | Civil Action No. 1:17-cv-05807 (GBD) |

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF
TWENTY-FIRST CENTURY FOX, INC., FOX NEWS NETWORK, LLC, AND MALIA
ZIMMERMAN TO DISMISS FOR FAILURE TO STATE A CLAIM**

| | |
|---|---|
| HUGHES HUBBARD & REED LLP<br>David H. Stern (*pro hac vice*)<br>Daniel H. Weiner<br>Carolin Sahimi (*pro hac vice*)<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 613-2800<br><br>One Battery Park Plaza<br>New York, NY 10004<br><br>*Attorneys for Malia Zimmerman* | WILLIAMS & CONNOLLY LLP<br>Kevin T. Baine<br>Dane H. Butswinkas<br>Joseph M. Terry (*pro hac vice*)<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>(202) 434-5000<br><br>650 Fifth Avenue<br>Suite 1500<br>New York, NY 10019<br><br>*Attorneys for Twenty-First Century Fox, Inc.<br>and Fox News Network, LLC* |

January 26, 2018

**TABLE OF CONTENTS**

I.    WHEELER MISSTATES THE MOTION TO DISMISS STANDARD. ........................... 1

II.   THE QUOTATIONS ARE NOT DEFAMATORY *PER SE* OR *PER QUOD*. .................. 2

    A.   The Quotations Are Not Defamatory *Per Se*. .......................................................... 2

    B.   The Single-Instance Rule Bars Wheeler's Defamation *Per Se* Claim. .................... 4

    C.   The Quotations Are Not Defamatory *Per Quod*. ..................................................... 5

    D.   Wheeler Has Failed to Plead Special Damages. ....................................................... 5

III.  WHEELER HAS FAILED PLAUSIBLY TO ALLEGE FALSITY. ................................ 6

IV.   WHEELER CONSENTED TO PUBLICATION OF THE QUOTATIONS. ..................... 8

V.    WHEELER HAS FAILED TO STATE A CLAIM AGAINST TWENTY-FIRST
      CENTURY FOX. ................................................................................................................ 9

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 1, 2

*Beckett v. Atlas Air, Inc.*, No. 95-civ-0480, 1995 WL 498703 (E.D.N.Y. Aug. 14, 1995) ......................................................................................................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 1

*Biro v. Conde Nast*, 963 F. Supp. 2d 255 (S.D.N.Y. 2013) ........................................................ 8

*Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488 (S.D.N.Y. 2003) ..................................................... 6

*Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163 (2d Cir. 2000) ......................................... 6

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................................................................ 1

*Conniff v. Dodd, Mead & Co.*, 593 F. Supp. 266 (S.D.N.Y. 1984) ............................................ 9

*DeLuca v. AccessIT Grp.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010) ................................................ 6

*Ginx, Inc. v. Soho Alliance*, 720 F. Supp. 2d 342 (S.D.N.Y. 2010) ........................................... 7

*Haugh v. Schroder Inv. Mgmt. N. Am.*, No. 02-civ-7955, 2003 WL 21136096 (S.D.N.Y. May 15, 2003) ........................................................................................................ 9

*Johns v. Town of East Hampton*, 942 F. Supp. 99 (E.D.N.Y. 1996) ......................................... 7

*Kamanou v. Exec. Sec'y of Comm'n of Econ. Cmty. of W. African States*, No. 10-civ-7286, 2012 WL 868700 (S.D.N.Y. Mar. 14, 2012) ............................................................ 4

*Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*, No. 11-civ-3327, 2013 WL 417406 (S.D.N.Y. Feb. 4, 2013) ............................................................................ 8

*Lucking v. Maier*, No. 03-civ-1401, 2003 WL 23018787 (S.D.N.Y. Dec. 23, 2003) ......................................................................................................................................... 5

*Palin v. N.Y. Times Co.*, 264 F. Supp. 3d 527 (S.D.N.Y. 2017) ................................................ 2

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489 (S.D.N.Y. 2011) ................................................................................................................ 2

*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008) .................................... 8

*Thai v. Cayre Grp.*, 726 F. Supp. 2d 323 (S.D.N.Y. 2010) ........................................................ 4

## STATE CASES

*Allen v. CH Energy Grp.*, 872 N.Y.S.2d 237 (App. Div. 2009) ..... 5

*Amelkin v. Commercial Trading Co.*, 259 N.Y.S.2d 396 (App. Div. 1965) ..... 2

*Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 649 N.E.2d 825 (1995) ..... 5

*Aronson v. Wiersma*, 65 N.Y.2d 592, 483 N.E.2d 1138 (1985) ..... 2, 4

*Cammarata v. Cammarata*, 878 N.Y.S.2d 163 (App. Div. 2009) ..... 4

*Franklin v. Daily Holdings, Inc.*, 135 A.D.3d 87 (N.Y. App. Div. 2015) ..... 3, 4

*Horowitz v. Aetna Life Ins.*, 539 N.Y.S.2d 50 (App. Div. 1989) ..... 9

*November v. Time Inc.*, 13 N.Y.2d 175 (1963) ..... 5

*Schindler v. Mejias*, 955 N.Y.S.2d 252 (App. Div. 2012) ..... 5

*Wehringer v. Allen-Stevenson Sch.*, 360 N.Y.S.2d 429 (App. Div. 1974) ..... 4

*Wolf Street Supermarkets, Inc. v. McPartland*, 487 N.Y.S.2d 442 (App. Div. 1985) ..... 5

## OTHER AUTHORITIES

Fed. R. Evid. 201 ..... 7

Restatement (Second) of Torts § 583 ..... 9

The Fox Defendants offered three independent grounds for dismissing Wheeler's defamation claims: the two contested quotations were not defamatory; they were not false; and Wheeler consented to their publication. Wheeler's opposition undermines none of these grounds. He maintains that the Fox News Article defamed him by suggesting he believed he had "cracked" the Seth Rich case when the FBI could not, *see* Opp. 1, 9, but that contention cannot withstand a comparison to the Article's actual text. Similarly, his charge that Fox News misrepresented his views is flatly contradicted by interviews he gave to other news outlets at the time—interviews properly before the Court on this motion. Wheeler has failed to "nudge[] his claims . . . across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

Wheeler has likewise failed to address the argument that he gave his apparent consent to the publication of the contested quotes. He points to an allegation that he did not give his *express* consent, but that is entirely irrelevant to Defendants' arguments concerning *apparent* consent, which provides an independent basis on which to dismiss his claims.

I.   **WHEELER MISSTATES THE MOTION TO DISMISS STANDARD.**

Wheeler opens his opposition with a fundamental error. Resurrecting the old pleading standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), he argues that his claims should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." Opp. 7. But the Supreme Court retired that standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), replacing it with a requirement that plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *id.* at 570. And this Court has held time and again that the plausibility standard must be applied with particular rigor in defamation cases, because the very pendency of these actions threatens the exercise of First

1

Amendment rights.  *See, e.g.*, *Palin v. N.Y. Times Co.*, 264 F. Supp. 3d 527, 533 (S.D.N.Y. 2017).  Wheeler does not come close to satisfying that standard.

## II.    THE QUOTATIONS ARE NOT DEFAMATORY *PER SE* OR *PER QUOD*.

### A.    The Quotations Are Not Defamatory *Per Se.*

Wheeler contends that the contested quotations are defamatory *per se* because they disparaged him in his "office, profession, trade or business."  Opp. 8.  But as Wheeler's own cases confirm, to qualify as libel *per se* the statements must do more than impugn his professional abilities in some way:  they must charge him "with being ignorant, incompetent, or incapable in his calling," *Amelkin v. Commercial Trading Co.*, 259 N.Y.S.2d 396, 398 (App. Div. 1965) (cited at Opp. 9), or "impute conduct that is of a kind incompatible with the proper conduct of the business, trade, profession or office itself," *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 550 (S.D.N.Y. 2011).  The defamatory import must also be plain from the face of the publication itself, without reference to extrinsic facts.  *Aronson v. Wiersma*, 65 N.Y.2d 592, 594-95, 483 N.E.2d 1138, 1140 (1985).

Wheeler alleges that "[t]he average reader of the Article would believe that [he] is a lying and incompetent investigator who does not perform his job with objectivity and integrity."  Am. Compl. ¶ 197; Opp. 9.  But this is precisely the sort of "[t]hreadbare recital[] of the elements of [the] cause of action" that the Supreme Court has said will "not suffice" to survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  Wheeler points to no actual language in the Fox News Article that states or implies that he lied or exhibited a lack of competence, objectivity, or integrity in his work as a private investigator—because there is none.

In his opposition, Wheeler contends that the quotations defamed him by suggesting that he "believed he had 'cracked the case' and uncovered evidence that numerous organizations, including the FBI, were unable to find."  Opp. 9; Am. Compl. ¶¶ 195, 219, 243.  In a similar

2

vein, he argues that the quotations attributed to him the "preposterous . . . claim that he uncovered the leaker of the hacked DNC emails . . . contrary to the determinations of . . . the FBI." Opp. 10.  But these contentions are plainly contradicted by the text of the Fox News Article, which presented Wheeler as corroborating the findings of a federal investigator.  *See* Am. Compl. Ex. 1.  Nor would it be defamatory to suggest that Wheeler believed he had cracked the case—unless the Article also suggested that he was wrong, which it did not.[1]

Wheeler also contends that the alleged misquotations made him "appear to be a political shill."  Opp. 10.  But again, there is nothing on the face of the contested quotes that remotely suggests Wheeler was peddling a story about the Rich murder for political purposes.  *See* Am. Compl. ¶ 9-10.  Any such inference would depend on a host of extrinsic facts, which would preclude a claim for defamation *per se*.

As evidence of his alleged injury to reputation, Wheeler points to subsequent, unflattering news commentary about his involvement in Rich's murder investigation.  *See* Opp. 6, 10; Am. Compl. ¶ 166.  But none of those news reports interpreted the *Fox News Article* to mean that Wheeler is incompetent or dishonest.  In fact, as the Fox Defendants noted in their opening brief, three of the four reports on which Wheeler relies do not refer to the Fox News Article at all.  *See* Fox Defs.' Br. 13 n.5.  Instead, they criticize the comments he made on the air to Fox 5 and Sean Hannity.  And to the extent that Wheeler seeks to rely on these other reports to supply a defamatory meaning to the Fox News Article, that cannot support a claim of defamation *per se*.

Finally, Wheeler wrongly faults the Fox Defendants for failing to cite a case in which a similar defamation *per se* claim was dismissed on the pleadings.  *See* Opp. 10.  But *Franklin v.*

---

[1] Moreover, it is inconceivable that these quotes could have damaged Wheeler's reputation when they were no different in substance from other statements in the Article that Wheeler does not challenge here.  *See* Fox Defs.' Br. 4-5.

3

*Daily Holdings, Inc.*, 135 A.D.3d 87 (N.Y. App. Div. 2015), on which the Fox Defendants relied extensively, was just such a case. In *Franklin*, a DJ alleged that an online newspaper damaged him in his trade or profession by attributing fabricated quotes to him in a story about a celebrity fistfight at a nightclub. Because the quotations were not defamatory except by reference to an extrinsic fact—trendy clubs expect their DJs not to disclose information about celebrity guests— the New York court held that plaintiff could not state a claim for libel *per se*. *Id.* at 92. And because plaintiff had failed to plead special damages, the court ordered dismissal of his complaint. *Id.* at 93. *Franklin* is hardly an outlier: New York courts regularly grant motions to dismiss on the ground that an alleged defamation is not actionable *per se* and plaintiff has failed to plead special damages. *See, e.g.*, *Thai v. Cayre Grp.*, 726 F. Supp. 2d 323, 336 (S.D.N.Y. 2010); *Beckett v. Atlas Air, Inc.*, No. 95-civ-0480, 1995 WL 498703, at *4-5 (E.D.N.Y. Aug. 14, 1995); *Aronson*, 65 N.Y.2d at 594-95, 483 N.E.2d at 1140; *Cammarata v. Cammarata*, 878 N.Y.S.2d 163, 164 (App. Div. 2009); *Wehringer v. Allen-Stevenson Sch.*, 360 N.Y.S.2d 429, 429 (App. Div. 1974); *see also Kamanou v. Exec. Sec'y of Comm'n of Econ. Cmty. of W. African States*, No. 10-civ-7286, 2012 WL 868700, at *3 (S.D.N.Y. Mar. 14, 2012) (Daniels, J.).

      **B.**    **The Single-Instance Rule Bars Wheeler's Defamation *Per Se* Claim.**

Wheeler's claim of defamation *per se* is also barred by the single-instance rule. Wheeler argues that the single-instance rule does not govern where the alleged defamation imputes to plaintiff "a lack of character or total disregard for professional ethics." Opp. 11. True enough. But Wheeler's case bears little resemblance to those in which New York courts have declined to apply the single-instance rule—cases in which the defamatory publication accuses plaintiff of illegal, unethical, or deeply antisocial conduct that would warrant expulsion from the profession or even criminal charges. Thus, the single-instance rule did not preclude recovery where a magazine accused a lawyer of giving his client "deliberately misleading legal advice" so that he

4

could steal a business opportunity from the client, *November v. Time Inc.*, 13 N.Y.2d 175, 177 (1963); where a book suggested a lawyer had suborned perjury, *Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 379 n.5, 649 N.E.2d 825, 828 n.5 (1995); where defendant charged a lawyer with mispresenting himself as the district attorney, *Schindler v. Mejias*, 955 N.Y.S.2d 252, 254 (App. Div. 2012); where a publisher accused a securities broker of insider trading, *Lucking v. Maier*, No. 03-civ-1401, 2003 WL 23018787, at *6 (S.D.N.Y. Dec. 23, 2003); or where plaintiff's former supervisor falsely reported that plaintiff had defecated on a public street, *Allen v. CH Energy Grp.*, 872 N.Y.S.2d 237, 238-39 (App. Div. 2009). In this case, the Fox News Article did not suggest that Wheeler engaged in any remotely similar conduct so as to preclude application of the single-instance rule.

### C.   The Quotations Are Not Defamatory *Per Quod*.

In their opening brief, the Fox Defendants argued that Wheeler had not stated a claim for defamation *per quod* because he had not pointed to any extrinsic facts that would give the alleged misquotations a defamatory meaning. Wheeler has again failed to identify any such facts in his opposition brief, *see* Opp. 14, and for this reason his *per quod* claim must be dismissed.

### D.   Wheeler Has Failed to Plead Special Damages.

Even if Wheeler had alleged extrinsic facts sufficient to give the Article a defamatory meaning, the claim would fail because he has failed to plead special damages with the required specificity. *See* Fox Defs.' Br. 15-18. Wheeler offers no rejoinder to the Fox Defendants' argument that his allegations of special harm are far too general to satisfy New York's stringent pleading requirement. *See* Opp. 14. He cites only a single case, *Wolf Street Supermarkets, Inc. v. McPartland*, 487 N.Y.S.2d 442, 449 (App. Div. 1985), which is totally inapposite. There the court held that plaintiff had proven lost profits at trial by offering evidence of the store's past and current sales and the franchisor's projections for both that store and other comparable stores in

the area.  Here, Wheeler has failed to allege anything close to that kind of specification of lost profits.  His vague and unspecific allegations are manifestly insufficient to survive a motion to dismiss.[2]

### III.   WHEELER HAS FAILED PLAUSIBLY TO ALLEGE FALSITY.

Wheeler cannot plausibly allege that the challenged quotations were false, because he expressed the same sentiments *on the air* at the same time on other news programs, including on Fox 5 and "Hannity."  Fox Defs.' Br. 18-21.  Recognizing that his televised statements are fatal to his claims, Wheeler contends that it is improper for the Court to consider them on a motion to dismiss.  There is no merit to his position.

Wheeler's appearances on Fox 5 and "Hannity" are properly before the Court on this motion because they are incorporated into the Amended Complaint by reference.  *See Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003).  Materials are incorporated by reference if the complaint makes "a clear, definite and substantial reference" to them.  *DeLuca v. AccessIT Grp.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010).  Wheeler's argument that his Amended Complaint "does not refer to the substance of these appearances," Opp. 16, is nothing short of bewildering.  In both his Amended Complaint and his opposition brief, Wheeler embraces the Fox 5 interview as an accurate summary of his views and contrasts it negatively with the quotation that appeared in the Article.[3]  Am. Compl. ¶ 122; Opp. 18.  Wheeler cannot survive a

---

[2] In addition to his claims for defamation *per se* and *per quod*, Wheeler brought a third claim simply for "defamation."  *See* Am. Compl. p. 49.  There is, however, no third category of defamation:  either a statement is defamatory on its face or special damages must be alleged.  *See, e.g.*, *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000) (listing elements of the New York cause of action).

[3] Wheeler argues that he was careful to tell Fox 5 "only that a 'source' (*i.e., Zimmerman's and Butowsky's alleged source*) had information that could link Seth Rich to WikiLeaks." Opp. 18 (emphasis in original).  That mischaracterizes the interview.  Wheeler was asked on Fox 5 whether "*you* have sources" linking Seth Rich to Wikileaks, to which he responded, "For

6

motion to dismiss by selectively quoting from the Fox 5 interview while withholding the entire transcript from the Court. To the contrary, "[t]o the extent that the complaint refers to or relies on a particular document, it is of course proper for the Court to consider the entire text of that document in deciding any motion to dismiss." *Ginx, Inc. v. Soho Alliance*, 720 F. Supp. 2d 342, 345 (S.D.N.Y. 2010).

Wheeler further argues that, to the extent the Court relies on the exhibits attached to the motion to dismiss, "it may not draw inferences adverse to the plaintiff in considering such materials." Opp. 15-16. But the case on which Wheeler relies, *Johns v. Town of East Hampton*, 942 F. Supp. 99 (E.D.N.Y. 1996), in fact says that the Court "will not draw any inferences adverse to the plaintiffs from these exhibits *except to the extent that these items of public record expressly contradict the Complaint's allegations*," *id.* at 104 (emphasis added). As explained in the Fox Defendants' opening brief, the interviews Wheeler gave to Fox 5 and "Hannity," which contain statements substantially similar to the quotations in the Fox News Article, expressly contradict Wheeler's allegation that Defendants attributed to him views he did not hold.

The Court may consider the Fox 5 and "Hannity" interviews for the independent reason that they are proper subjects of judicial notice. Videos of both interviews remain publicly available online, and Wheeler has not disputed the authenticity of either the videos or the transcripts the Fox Defendants attached to their motion. *See Johns*, 942 F. Supp. at 104; Fed. R. Evid. 201(b). Wheeler argues that the Court may not consider these exhibits "for the truth of the matters asserted in them." Opp. 17. But the Fox Defendants are not relying on the Fox 5 and "Hannity" interviews for the truth of the point that Wheeler's investigation *in fact* found that

---

sure. . . . Absolutely." Ex. 5 (emphasis added). That is entirely consistent with the Fox News quote that he now disavows—that "[m]y investigation . . . shows there was some degree of email exchange between Seth Rich and WikiLeaks." Am. Compl. ¶ 3.

7

Seth Rich passed documents to WikiLeaks, but simply to show that Wheeler made this assertion elsewhere. It is well-established that "the Court may consider statements set forth in documents of which judicial notice may be taken . . . to establish the existence of the opinions or assertions contained therein." *Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*, No. 11-civ-3327, 2013 WL 417406, at *6 (S.D.N.Y. Feb. 4, 2013); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

This Court has repeatedly instructed that "in defamation cases, Rule 12(b)(6) not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013). To disregard Wheeler's other media statements on this motion would frustrate this important objective. There is simply no warrant for putting the Fox Defendants to the expense of discovery when videos that anyone can view online demonstrate the ultimate futility of his claims.[4]

## IV. WHEELER CONSENTED TO PUBLICATION OF THE QUOTATIONS.

Wheeler offers only the feeblest response to the argument that he gave his apparent consent to publication of the two contested quotes. He attempts to distinguish the cases Defendants cite on their facts, *see* Opp. 21, but Defendants relied on those cases only for the general proposition that consent creates an absolute defense to a defamation claim. That

---

[4] Wheeler argues that Zimmerman admitted that Wheeler did not make one of the quoted statements. *See* Opp. 5. Zimmerman admitted no such thing. Her statement that the "connection to WikiLeaks" did not come from Wheeler simply reflected the fact that it was an unnamed federal investigator, not Wheeler, who was quoted in the Fox News Article as saying "I have seen and read the emails between Seth Rich and WikiLeaks." Am. Compl. Ex. 1. Precisely what Zimmerman meant by this statement to Wheeler, however, is irrelevant, given the undeniable fact that Wheeler told other news outlets on the air the same things that Zimmerman quoted him as saying. That is what forecloses any claim that the quotes falsely represented his public position.

principle—recognized by the Restatement (Second) of Torts § 583 and multiple New York cases—is unassailable.

Wheeler argues that consent is not a proper basis for dismissal because, even if Zimmerman sent him drafts of the Article on May 15 that contained the contested quotes, he "specifically alleges that he did not review the drafts sent to him" that day. Opp. 20. But whether or not Wheeler in fact read those drafts, it is conceded that later that day he provided quotes *in addition* to those he challenges here, *see* Am. Compl. ¶ 120, leading Zimmerman to believe she had his *apparent* consent. Wheeler does not contest that apparent consent is "as effective as consent in fact," Fox Defs.' Br. 22, or that the only reasonable inference that can be drawn from his allegations is that he gave his apparent consent, *id.* at 22-23. That is an additional basis for dismissal.

## V. WHEELER HAS FAILED TO STATE A CLAIM AGAINST TWENTY-FIRST CENTURY FOX.

Wheeler's opposition brief only underscores that he has no basis to assert a defamation claim against Twenty-First Century Fox. He argues that a parent company may be held liable for the torts of its subsidiary—here, Fox News Network—where "it can be shown that the parent's control over the subsidiary disregards its corporate independence." Opp. 22 (quoting *Horowitz v. Aetna Life Ins.*, 539 N.Y.S.2d 50, 53 (App. Div. 1989)). But Wheeler has not alleged a single fact to support an inference that Twenty-First Century Fox disregards corporate formalities so as to justify piercing the corporate veil. This argument is nothing short of frivolous.

Wheeler relies on *Haugh v. Schroder Investment Management North America*, No. 02-civ-7955, 2003 WL 21136096 (S.D.N.Y. May 15, 2003), and *Conniff v. Dodd, Mead & Co.*, 593 F. Supp. 266, 271 (S.D.N.Y. 1984), to argue that New York permits defamation claims to proceed against parent companies. But in both of these cases, the alleged defamation was

9

perpetrated directly by the head *of the parent company*.  Neither of these cases provides an iota of support for Wheeler's position that the allegedly tortious acts of a subsidiary corporation may be imputed to a corporate parent.

Wheeler cites a number of factual allegations that supposedly establish Twenty-First Century Fox's role in publishing the contested quotes.  For example, he alleges that Butowsky and Zimmerman "met with Fox executives in New York" to discuss the Article.  Opp. 22 (citing Am. Compl. ¶¶ 56, 58).  But the Amended Complaint defined "Fox" to include both Fox News Network and Twenty-First Century Fox.  Am. Compl. ¶ 33.  Absent any specific allegation that a Twenty-First Century Fox executive had a role in researching, drafting, or approving the Article for publication, the Amended Complaint falls far short of alleging a factual basis for holding Twenty-First Century Fox liable for defamation.

Respectfully submitted,

s/   Kevin T. Baine

Kevin T. Baine
Dane H. Butswinkas
Joseph M. Terry (*pro hac vice*)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

650 Fifth Avenue
Suite 1500
New York, NY 10019
Tel: (202) 434-5000
Fax: (202) 434-5029
kbaine@wc.com
dbutswinkas@wc.com
jterry@wc.com

*Attorneys for Twenty-First Century Fox, Inc. and Fox News Network, LLC*

        *With Consent,*

        HUGHES HUBBARD & REED LLP
        David H. Stern (*pro hac vice*)
        Daniel H. Weiner
        Carolin Sahimi (*pro hac vice*)

        350 South Grand Avenue
        Los Angeles, California 90071

        One Battery Park Plaza
        New York, NY 10004
        Tel: (213) 613-2800
        Fax: (213) 613-2950
        david.stern@hugheshubbard.com
        daniel.weiner@hugheshubbard.com
        carolin.sahimi@hugheshubbard.com

        *Attorneys for Malia Zimmerman*

DATED: January 26, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2018, I electronically filed the foregoing Reply Memorandum in Support of the Motion of Twenty-First Century Fox, Inc., Fox News Network, LLC, and Malia Zimmerman to Dismiss For Failure to State a Claim with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

*s/ Kevin T. Baine*
Kevin T. Baine
