**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ROD WHEELER,                                          :
                                                     :
                             Plaintiff,               :            Civil Action No. 17-cv-05807 (GBD)
                                                     :
              v.                                      :
                                                     :
TWENTY-FIRST CENTURY FOX, INC., FOX                   :
NEWS NETWORK LLC, MALIA                               :
ZIMMERMAN, in her individual and professional         :
capacities and ED BUTOWSKY, in his individual         :
and professional capacities,                          :
                                                     :
                             Defendants.              :
-------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD


**WIGDOR LLP**

Douglas H. Wigdor, Esq.
Jeanne M. Christensen, Esq.
Michael J. Willemin, Esq.
Kenneth D. Walsh, Esq.

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800

*Counsel for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................................... ii

FACTS ........................................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I. LEGAL STANDARDS ..................................................................................................... 1

II. THERE WILL BE NO MATERIALLY ADVERSE EFFECT ON THE INTERESTS OF
MR. WHEELER IF WIGDOR LLP IS PERMITTED TO WITHDRAW AS COUNSEL
(RPC 1.16(c)(1)) ............................................................................................................... 2

III. THERE IS AN IRREVOCABLE BREAKDOWN OF THE ATTORNEY-CLIENT
RELATIONSHIP ............................................................................................................... 3

IV. WIGDOR LLP WILL NOT SEEK TO ASSERT A LIEN IN THIS MATTER ................... 3

CONCLUSION ............................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Cases**

Farmer v. Hyde Your Eyes Optical, Inc.,
    60 F. Supp. 3d 441 (S.D.N.Y. 2014)...........................................................................................3

Fronsdal v. Charles M. Tarone, Inc.,
    No. 89 Civ. 1605, 1990 WL 39887 (E.D.N.Y. Mar. 14, 1990) ...................................................2

Karimian v. Time Equities, Inc.,
    No. 10 Civ. 3773 (AKH)(JCF), 2011 WL 1900092 (S.D.N.Y. May 11, 2011) ........................3

Naguib v. Pub. Health Sols.,
  No. 12 Civ. 2561 (ENV)(LB), 2014 WL 2002824 (E.D.N.Y. May 15, 2014)............................3

S.E.C. v. Gibraltar Glob. Sec., Inc.,
    No. 13 Civ. 2575 (GBD)(JCF), 2015 WL 2258173 (S.D.N.Y. May 8, 2015)..........................2

Taub v. Arrayit Corp.,
    No. 15 Civ. 1366 (ALC)(JLC), 2016 WL 4146675 (S.D.N.Y. Aug. 4, 2016) ..........................2

**Other Authorities**

Local Rule of the United States District Courts for the Southern and Eastern Districts of New
    York 1.4 ........................................................................................................................................1

New York State Unified Court System Rule of Professional Conduct 1.16(c)....................1, 2, 3

Wigdor LLP ("Wigdor" or "Counsel") respectfully submits this memorandum of law in support of its motion to withdraw as counsel of record for Plaintiff Rod Wheeler ("Mr. Wheeler" or "Plaintiff") pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") and Rule 1.16(c) of New York State's Rules of Professional Conduct (the "RPC").

## FACTS

Wigdor LLP respectfully refers the Court to the May 14, 2018 Declaration of Michael J. Willemin submitted in support of this motion for the relevant facts.

## ARGUMENT

### I.   LEGAL STANDARDS

Local Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In addition, RPC 1.16(c) provides that a lawyer may withdraw from representing a client when, *inter alia*:

1. "Withdrawal can be accomplished without material adverse effect on the interests of the client" (RPC 1.16(c)(1));

2. "The client insists upon taking action with which the lawyer has a fundamental disagreement" (RPC 1.16(c)(4));

3. "The client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" (RPC 1.16(c)(7)); ***or***

1

4.      "The lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal" (RPC 1.16(c)(12)).

Here, withdrawal is appropriate pursuant to both the Local Rules and RPC.

## II.     THERE WILL BE NO MATERIALLY ADVERSE EFFECT ON THE INTERESTS OF MR. WHEELER IF WIGDOR LLP IS PERMITTED TO WITHDRAW AS COUNSEL (RPC 1.16(c)(1))

The action is at the very early stages of litigation. The Complaint and an Amended Complaint have been filed, as well as motions to dismiss and a motion for sanctions pursuant to Fed. R. Civ. P. 11. Wigdor LLP has opposed all of these motions and handled the oral argument held in connection with those motions. The motions remain *sub judice*. Discovery will not commence until the motions to dismiss are decided (and only if they are denied at least in part), and Mr. Wheeler's ability to obtain discovery and proceed with this litigation will not be in any way impacted if Wigdor LLP is permitted to withdraw as counsel. See, e.g., Taub v. Arrayit Corp., No. 15 Civ. 1366 (ALC)(JLC), 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016) ("Indeed, as Trippett points out, no discovery on the fraud claims will proceed until there is a determination on the motion to dismiss and, accordingly, new counsel will have sufficient time to prepare for any additional discovery."); S.E.C. v. Gibraltar Glob. Sec., Inc., No. 13 Civ. 2575 (GBD)(JCF), 2015 WL 2258173, at *3 (S.D.N.Y. May 8, 2015) ("In cases where discovery has not yet closed and trial is months away, the impact of withdrawal is typically not substantial enough to counsel against it."); Fronsdal v. Charles M. Tarone, Inc., No. 89 Civ. 1605, 1990 WL 39887, at *1 (E.D.N.Y. Mar. 14, 1990) ("Because the case is in the early stages of discovery— there have been no depositions, pre-trial conferences or scheduling orders—and Foster's reason for withdrawal is satisfactory, his motion to withdraw is granted.").

### III.   THERE IS AN IRREVOCABLE BREAKDOWN OF THE ATTORNEY-CLIENT RELATIONSHIP

As stated in the May 14, 2018 Declaration of Michael J. Willemin, an irrevocable breakdown of the attorney-client relationship exists with respect to Wigdor LLP and Mr. Wheeler.  Such circumstances are sufficient to warrant withdrawal.  See RCP 1.16(c)(4), (7), (12); Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014); Naguib v. Pub. Health Sols., No. 12 Civ. 2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014); Karimian v. Time Equities, Inc., No. 10 Civ. 3773(AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011).

If the Court requires, we are prepared to submit an *in camera, ex parte* declaration setting forth the specific facts and circumstances warranting withdrawal.  As the Court is currently considering the motions dismiss in this matter, we would consent to providing such submission to a Magistrate Judge, if the Court prefers.

### IV.   WIGDOR LLP WILL NOT SEEK TO ASSERT A LIEN IN THIS MATTER

Pursuant to Local Rule 1.4, an attorney seeking to withdraw as counsel must state whether he or she is asserting a retaining or charging lien.  Wigdor LLP is not asserting a retaining or charging lien in connection with this matter.  See May 14, 2018 Declaration of Michael J. Willemin at ¶ 6.

## **CONCLUSION**

For the foregoing reasons, Wigdor LLP respectfully requests that the Court issue an

Order granting this motion to withdraw as counsel of record to Plaintiff Rod Wheeler.[1]

Dated: May 14, 2018
     New York, New York                        Respectfully submitted,

                                                **WIGDOR LLP**

                                                By: _____
                                                    Douglas H. Wigdor
                                                  Jeanne M. Christensen
                                                    Michael J. Willemin

                                                85 Fifth Avenue
                                                New York, NY  10003
                                                Telephone:  (212) 257-6800
                                                Facsimile:  (212) 257-6845
                                                dwigdor@wigdorlaw.com
                                                jchristensen@wigdorlaw.com
                                                mwillemin@wigdorlaw.com

                                                *Counsel for Plaintiff*

---

[1]      To the extent that this motion is granted, Wigdor LLP respectfully requests that it be permitted to continue to handle any matters (if any arise) related to Defendant Butowsky's pending Fed. R. Civ. P. 11 motion.